In Re: Abington Township Proposed Sewer Construction in Old Valley Road, Susquehanna Street, Washington Lane et al.

Samuel S. Persky and Gloria R. Persky, his wife et al., Appellants.

Argued April 6, 1977, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*John P. Gregg*, with him *Samuel H. High, Jr.*, and *High, Swartz, Roberts & Seidel*, for appellants.

*Joseph M. Manko*, with him *Terri N. Gelberg*, and *Wolf, Block, Schorr and Solis-Cohen*, for appellee.

OPINION BY JUDGE WILKINSON, JR., May 3, 1977:

On July 11, 1974, the Board of Commissioners of Abington Township (Township) passed a resolution authorizing the construction of collector sewers in the Washington Lane sewer district. Waste from the area is to be treated at the Township's temporary Sandy Run Treatment Center. Under a long-range agreement, entered into in 1958 between the Township and the City of Philadelphia, interceptors could

be built and waste from the area could be treated in Philadelphia. Over 60 percent of the property owners in the affected area signed petitions of protest to block the undertaking pursuant to Section 2436 of the First Class Township Code (Code), Act of June 24, 1931, P.L. 1206, *as amended,* 53 P.S. §57436 and filed the petitions in the office of the Prothonotary of the Montgomery County Court of Common Pleas. A petition was filed in the Court of Common Pleas of Montgomery County by the Township to declare the protests invalid. After a hearing the protests were dismissed and this appeal was filed. We affirm.

Section 2436 and its companion, Section 2435, 53 P.S. §57435, read:

Section 2435

Whenever any township shall desire to connect with the existing sewer of any adjacent municipality, the two municipalities so joining may enter into an agreement for such purposes, . . . .

Section 2436

No sewer, system of sewers, or drains shall be constructed under the provisions of this subdivision, unless a resolution of the board of commissioners authorizing the same shall be published in a newspaper of general circulation published in the county in which the township is situated once a week for three successive weeks. If within twenty days after the last publication, or at any time during the period of publication sixty per centum of the total property owners within the township, or the affected sewer district, if such district has been constituted, shall sign, and file in the office of the prothonotary of the court of common pleas of the county in which the township is located, a written protest against the

construction of such sewer, sewer system, or drain, then the construction authorized by such resolution shall not be undertaken or proceeded with.

The Township contends that the agreement with Philadelphia is for a joint sewer system under Section 2440 of the Code, 53 P.S. §57440, and not an intermunicipal system under Section 2435 and, that, therefore, Section 2436 is inapplicable. We need not decide this question in affirming the invalidating of appellants' protests, however. Nor need we address the apparent conflict between the Code and The Clean Streams Law, Act of June 22, 1937, P.L. 1987, *as amended*, 35 P.S. §691.1 et seq.

Section 2436 is a narrow exception to the discretionary powers granted to a township's board of commissioners under Section 2401 of the Code, 53 P.S. §57401, and protects property owners when 60% or more of the property owners believe that the connection of their sewer system with that of an adjacent municipality is unreasonable. While the 1958 agreement contemplates the building of interceptors and the treatment of sewage from the Washington Lane area in Philadelphia, the fact remains that only collector sewers, not interceptors have been authorized by the commissioners and that the sewage from them presently will be treated within the Township. That the collectors may someday channel sewage to Philadelphia *does not give rise to Section 2436.* If and when the Township authorizes the construction of interceptors to connect the system with Philadelphia's, the statutory remedy would lie.[1]

---

[1] We note that considerable doubt has been cast on the viability of the 1958 plan. After the Township drew up plans for interceptors and submitted an application for federal aid, neighboring Bryn Athyn Township applied for federal funding for a spray irrigation project. The Environmental Protection Agency deter-

Accordingly, we will enter the following

ORDER

Now, May 3, 1977, the order of the Court of Common Pleas of Montgomery County, dated June 23, 1976, is affirmed.

---

mined that the plans were in conflict and that federal funds would be available only for the most cost-effective project. A Department of Environmental Resources (DER) task force determined that a spray irrigation system would be the most effective. DER has concurred in this conclusion, which decision is now being appealed.